UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID WALKER,<br><br>      Defendant | Criminal No. 1:24-CR-10291<br><br>Violations:<br><br><u>Count One</u>: Sex Trafficking by Force, Fraud, and Coercion<br>(18 U.S.C. §§ 1591(a)(1), (a)(2), and (b)(1))<br><br><u>Count Two</u>: Knowingly Persuading, Inducing, Enticing, and Coercing an Individual to Travel in Interstate Commerce to Engage in Prostitution<br>(18 U.S.C. § 2422(a))<br><br><u>Counts Three through Seven</u>: Robbery; Aiding and Abetting<br>(18 U.S.C. §§ 1951 and 2)<br><br><u>Count Eight</u>: Possess, Use and Carry a Firearm During and in Relation to a Crime of Violence<br>(18 U.S.C. § 924(c))<br><br><u>Commercial Sex Act Forfeiture Allegation:</u><br>(18 U.S.C. § 1594(d))<br><br><u>Transportation for Prostitution/Sex Trafficking Forfeiture Allegation:</u><br>(18 U.S.C. § 2428(a))<br><u>Robbery Forfeiture Allegation:</u><br>(18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c))<br><br><u>Firearm Forfeiture Allegation:</u><br>(18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c)) |

<u>INDICTMENT</u>

At all times relevant to this Indictment:

## General Allegations

1. DAVID WALKER was a resident of Massachusetts.

2. From in or around September 2023 through in or around October 2023, Defendant DAVID WALKER engaged in a pattern of conduct that included robbing five different 7-Eleven convenience stores in the greater Boston area; using a gun in some of those robberies; trafficking a woman, Victim 1, for sex in Massachusetts and Maine; and using physical violence and threats to coerce and force Victim 1 to assist him in the 7-Eleven robberies.

## Sex Trafficking and Travel-for-Commercial Sex Allegations

3. Victim 1 is an adult woman whose identity is known to the grand jury. In or around September 2023, WALKER contacted Victim 1 on social media. They had never met before. WALKER invited Victim 1 on a date, and they began a romantic relationship.

4. WALKER began physically abusing Victim 1.

5. WALKER repeatedly pressured Victim 1 to engage in commercial sex. Victim 1 refused. After a while, when Victim 1 tried to continue to say no to WALKER's demands that she engage in commercial sex, WALKER would use violent force against her, including by grabbing her, putting his hands around her neck, and slamming her into the floor.

6. WALKER's abuse made Victim 1 fear for her life, so beginning in or around the end of September 2023, she did what WALKER told her to do and engaged in commercial sex in various locations in and around Boston, Massachusetts.

7. WALKER set the prices for Victim 1's sex acts, and he required her to give him all of the money she made.

8. In or around the beginning of October 2023, WALKER instructed and forced Victim 1 to post an advertisement for commercial sex online. WALKER wrote the description in the advertisement offering Victim 1 for sex.

9. WALKER required Victim 1 to make $800 per day selling her body. If she made less than that, he would physically and sexually abuse her. His abuse included choking her until she lost consciousness, kicking her in the stomach, holding knives to her throat, and holding a loaded gun to her head.

10. For example, one day in or around October 2023 when there were not enough individuals who responded to the commercial sex advertisement for Victim 1, WALKER became angry, grabbed Victim 1's neck, threw her against the wall, held a loaded gun to her head, and told her, in sum and substance, "Bitch, you better figure out why people are not contacting you."

11. On multiple occasions, WALKER sent text messages to Victim 1 threatening to kill her and her family members if she didn't do what he told her to do. In or around October 2023, WALKER coerced and forced Victim 1 to travel from Massachusetts to Maine to engage in commercial sex in Maine along with another woman. Victim 1 agreed to go to Maine only out of fear that, if she refused, Walker would become physically violent with her or a loved one of hers.

12. At all times that Victim 1 was being trafficked for sex by WALKER, she was aware that he had access to guns and other weapons and that awareness motivated her to comply with his demands.

13. WALKER also forced Victim 1 to use drugs, including crack, cocaine, mushrooms, and Percocet. WALKER gave Victim 1 these drugs and forced her to take them because they made her less able to protest or refuse when he wanted her to engage in commercial sex.

**Hobbs Act Robbery and Firearm Allegations**

14. On five distinct dates in October of 2023, WALKER, along with individuals known and unknown to the grand jurors, engaged in commercial robberies of five different 7-Eleven businesses in Massachusetts, all of which engaged in or were involved in interstate commerce at the time of the robberies.

15. Those robberies included the robbery of a 7-Eleven in West Roxbury on October 8, 2023, the robbery of a 7-Eleven in Cambridge on October 13, 2023, the robbery of a 7-Eleven in Watertown on October 16, 2023, the attempted robbery of a 7-Eleven in Everett on October 20, 2023, and the robbery of a 7-Eleven in Pepperrell on October 23, 2023.

16. During all of these incidents, WALKER coerced and forced Victim 1 to participate in the robberies, either directly or indirectly, against her will. Victim 1 was forced to be an active participant in two of the robberies: Watertown on October 16, 2023 and Everett on October 20, 2023. In Everett, WALKER and Victim 1 were thwarted by a clerk's use of chemical mace and were forced to flee the store prior to completing the robbery, with Victim 1 enduring the brunt of the chemical mace.

17. WALKER, along with individuals known and unknown to the grand jurors, was able to successfully obtain property in the form of United States currency in the 7-Eleven robberies in West Roxbury, Cambridge, Watertown, and Pepperell. In the case of the Watertown robbery, WALKER and Victim 1 also successfully obtained lottery tickets and various other items from the 7-Eleven. Afterward, WALKER forced Victim 1 to go to the state lottery office for him to attempt to cash several winning tickets they had stolen from the Watertown 7-Eleven. The state lottery

office did not ultimately accept those winning tickets, informing Victim 1 that the tickets had been reported stolen and were now void.

18.     Prior to first robbery on October 8, 2023 in West Roxbury, WALKER coerced and forced Victim 1 to drive him to Dorchester, Massachusetts so that WALKER could secure a firearm for the robbery. Victim 1 parked in front of a residence in Dorchester as directed by WALKER. While parked in front of the residence an unknown individual provided WALKER with a silver and black semi-automatic handgun, which WALKER subsequently used when he robbed the 7-Eleven in West Roxbury later that same evening.

* * *

## COUNT ONE
Sex Trafficking by Force, Fraud, and Coercion
(18 U.S.C. §§ 1591(a)(1), (a)(2), and (b)(1))

The Grand Jury charges:

Between on or about September 2023 and on or about October 2023, in the District of Massachusetts and elsewhere, the defendant,

### DAVID WALKER,

did, in or affecting interstate commerce, knowingly recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means, and benefit financially by receiving anything of value for participating in a venture that did recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means, a person – that is, Victim 1 – by means of force, threats of force, fraud, and coercion, and any combination of such means, knowing and in reckless disregard that Victim 1 would be caused to engage in a commercial sex act.

All in violation of Title 18, United States Code, Sections 1591(a)(1), (a)(2), and (b)(1).

## COUNT TWO
### Knowingly Persuading, Inducing, Enticing, and Coercing an Individual to Travel in Interstate Commerce to Engage in Prostitution
### (18 U.S.C. § 2422(a))

The Grand Jury further charges:

In on or around October 2023, in the District of Massachusetts and elsewhere, the defendant,

## DAVID WALKER,

knowingly persuaded, enticed, or coerced any individual – that is Victim 1, to travel in interstate commerce; and the purpose of the travel was for Victim 1 to engage in prostitution and any sexual activity for which any person can be charged with a criminal offense.

All in violation of Title 18, United State Code, Section 2422(a).

## COUNT THREE
## Robbery; Aiding and Abetting
## (18 U.S.C. §§ 1951 and 2)

The Grand Jury further charges:

On or about October 8, 2023, in Boston, in the District of Massachusetts, the defendant,

## DAVID WALKER,

did obstruct, delay and affect, or attempt to obstruct delay and affect, in any way and degree, commerce and the movement of any article and commodity in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951; that is, by robbing a 7-Eleven store and unlawfully taking and obtaining property from a person and in the presence of another, against their will, by means of actual and threatened force, and violence, and fear of injury, immediate and future, to the person.

All in violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT FOUR
### Robbery; Aiding and Abetting
### (18 U.S.C. §§ 1951 and 2)

The Grand Jury further charges:

On or about October 13, 2023, in Cambridge, in the District of Massachusetts, the defendant,

### DAVID WALKER,

did obstruct, delay and affect, or attempt to obstruct delay and affect, in any way and degree, commerce and the movement of any article and commodity in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951; that is, by robbing a 7-Eleven store and unlawfully taking and obtaining property from a person and in the presence of another, against their will, by means of actual and threatened force, and violence, and fear of injury, immediate and future, to the person.

All in violation of Title 18, United States Code, Section 1951 and 2.

## COUNT FIVE
Robbery; Aiding and Abetting
(18 U.S.C. §§ 1951 and 2)

The Grand Jury further charges:

On or about October 16, 2023, in Watertown, in the District of Massachusetts, the defendant,

## DAVID WALKER,

did obstruct, delay and affect, or attempt to obstruct delay and affect, in any way and degree, commerce and the movement of any article and commodity in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951; that is, by robbing a 7-Eleven store and unlawfully taking and obtaining property from a person and in the presence of another, against their will, by means of actual and threatened force, and violence, and fear of injury, immediate and future, to the person.

All in violation of Title 18, United States Code, Section 1951 and 2.

## COUNT SIX
Robbery; Aiding and Abetting
(18 U.S.C. §§ 1951 and 2)

The Grand Jury further charges:

On or about October 20, 2023, in Everett, in the District of Massachusetts, the defendant,

### DAVID WALKER,

did obstruct, delay and affect, or attempt to obstruct delay and affect, in any way and degree, commerce and the movement of any article and commodity in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951; that is, by robbing a 7-Eleven store and unlawfully taking and obtaining property from a person and in the presence of another, against their will, by means of actual and threatened force, and violence, and fear of injury, immediate and future, to the person.

All in violation of Title 18, United States Code, Section 1951 and 2.

## COUNT SEVEN
## Robbery; Aiding and Abetting
## (18 U.S.C. §§ 1951 and 2)

The Grand Jury further charges:

On or about October 23, 2023, in Pepperell, in the District of Massachusetts, the defendant,

## DAVID WALKER,

did obstruct, delay and affect, or attempt to obstruct delay and affect, in any way and degree, commerce and the movement of any article and commodity in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951; that is, by robbing a 7-Eleven store and unlawfully taking and obtaining property from a person and in the presence of another, against their will, by means of actual and threatened force, and violence, and fear of injury, immediate and future, to the person.

All in violation of Title 18, United States Code, Section 1951 and 2.

## COUNT EIGHT
Possess, Use and Carry a Firearm During and in Relation to a Crime of Violence
(18 U.S.C. § 924(c)(1)(A)(ii))

The Grand Jury further charges:

On or about October 8, 2023, in Boston, in the District of Massachusetts, the defendant,

### DAVID WALKER,

did knowingly possess, use, and carry a firearm during and in relation to a crime of violence , to wit: a semi-automatic handgun, with an unknown serial number and with black lower receiver and sliver slide, , used in furtherance of a crime of violence for which the defendant may be prosecuted in a court of the United States, to wit: robbery, in violation of Title 18, United States Code, Section 1951, as charged in Count Three.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(ii), it is further alleged that the firearm was brandished.

## COMMERCIAL SEX ACT FORFEITURE ALLEGATION
## (18 U.S.C. § 1594(d))

1. Upon conviction of the offense in violation of Title 18, United States Code, Sections 1591, set forth in Count One, the defendant,

DAVID WALKER,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594(d), any property, real or personal, used or intended to be used to commit or to facilitate the commission of such offense, or any property, real or personal, that constitutes or is derived from proceeds obtained, directly or indirectly, as a result of such offense.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Sections 1594(d), as a result of any act or omission of the defendant—

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States of America, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Sections 1594(d).

## TRANSPORTATION FOR PROSTITUTION/SEX TRAFFICKING FORFEITURE ALLEGATION
## (18 U.S.C. § 2428(a))

1.      Upon conviction of the offense in violation of Title 18, United States Code, Sections 2422, set forth in Count Two, the defendant,

## DAVID WALKER,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428(a), any property, real or personal, used or intended to be used to commit or to facilitate the commission of such offense, or any property, real or personal, that constitutes or is derived from proceeds obtained, directly or indirectly, as a result of such offense.

3.      If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 2428(a) as a result of any act or omission of the defendant—

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States of America, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Sections 2428(a).

15

## ROBBERY FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 1951, set forth in Counts Three through Seven, the defendant,

### DAVID WALKER,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant—

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

1. Upon conviction of the offense in violation of Title 18, United States Code, Section and 924, set forth in Count Eight, the defendant,

DAVID WALKER,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offense.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant—

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

A TRUE BILL

*[signature]*
FOREPERSON

*[signature]*

TOREY B. CUMMINGS
LUKE A. GOLDWORM
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

District of Massachusetts: SEPTEMBER 17, 2024
Returned into the District Court by the Grand Jurors and filed.

*[signature]* Dawn M. King 11:34am
DEPUTY CLERK